## UNITED STATES v. MULLEN.

(District Court, E. D. Louisiana, New Orleans Division. June 29, 1925.)

No. 8938.

1. **Indictment and information** ⚖═130—**Joinder of separate offenses in separate counts of same indictment is permissible.**

Joinder of separate offenses in separate counts of same indictment is permissible, in view of Rev. St. § 1024 (Comp. St. § 1690).

2. **Indictment and information** ⚖═131 — **That first offense against National Prohibition Act is misdemeanor, and second offense felony, does not preclude charging both offenses in separate counts of same indictment.**

That first offense against the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) is a misdemeanor, and the second offense a felony, does not preclude charging one defendant with first offense and another defendant with a second offense in separate counts of the same indictment, pursuant to title 2, § 29 (section 10138½p), in view of Rev. St. § 1024 (Comp. St. § 1690), independently of section 32 (section 10138½s) of first-mentioned act.

3. **Criminal law** ⚖═1167(2)—**That indictment, jointly charging two defendants with liquor offense, charged first offense, a misdemeanor, against one defendant, and second offense, a felony, against other defendant, held not prejudicial.**

That indictment, jointly charging two defendants with liquor offense, as authorized by Rev. St. § 1024 (Comp. St. § 1690), and National Prohibition Act, tit. 2, §§ 29, 32 (Comp. St. Ann. Supp. 1923, §§ 10138½p, 10138½s), charged first offense, a misdemeanor, against one defendant, and second offense, a felony, against other defendant, held not prejudicial, where jury was cautioned that the evidence as to prior offense was to be considered only against party charged with second offense, and prior to submission of the case a verdict was directed as to the other defendant; the variation in punishment for each offense being immaterial, since jury had nothing to do with punishment.

4. **Indictment and information** ⚖═124(2)—**Joint offenders committing act must be charged in same count of same indictment.**

Joint offenders committing act must be charged in same count of same indictment.

5. **Indictment and information** ⚖═125(1)—**"Duplicity" defined.**

"Duplicity" consists in charging the same defendant in the same count with more than one crime.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duplicity.]

6. **Indictment and information** ⚖═132(1)—**Court's order requiring government to elect which of two defendants it would prosecute held not prejudicial.**

Court's order at close of government's case, requiring government to elect which of two defendants, jointly charged with a liquor offense in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), it would prosecute, held not prejudicial, in view of court's discretion in matter, not taken away by Rev. St. § 1024 (Comp. St. § 1690).

Harvey Mullen was indicted and convicted of a violation of the National Prohibition Act, and he moves to quash, for new trial, and in arrest of judgment. Motions overruled.

A. A. de la Houssaye, of New Orleans, La., for plaintiff.

H. M. Wilkinson, of New Orleans, La., for defendant.

BEATTIE, District Judge. Reasons for overruling motions to quash, for new trial, and in arrest of judgment.

The motions were based principally upon an alleged misjoinder of offenses, misjoinder of defendants, and duplicity. The other grounds of the motions are dependent upon or connected with those above mentioned. The general rule of law, as laid down by section 1024 of the Revised Statutes (Comp. St. §.1690), is: "When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

In Hartman v. U. S., 168 F. 30, 94 C. C. A. 124, it was held substantially that the government cannot be required to elect between counts of an indictment which charge misdemeanors of the same class, although under some of the counts the punishment may be imprisonment in the penitentiary;

that under this section such counts may be joined and tried together.

There is a special provision in the National Prohibition Act on this subject. It is title 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s) and reads as follows: "In any affidavit, information, or indictment for the violation of this Act, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed."

[1, 2] Clearly, I think, under the law, and especially under the National Prohibition Act, there can be no objection to the joinder, as in this case, of separate offenses in the same indictment in separate counts. But objection is urged on this ground, particularly for the reason that, as against one of the original defendants in that case (who is now no longer in the case because, by a directed verdict, he was acquitted and his case was never submitted to the jury for a decision), it was alleged that the offense charged in this indictment constituted a second offense against the National Prohibition Act by that defendant.

Section 29 of title 2 of the act (section 10138½p) requires the prosecuting officer to ascertain whether the defendant has been previously convicted, and to plead the prior conviction in the indictment. Notwithstanding this requirement of section 29, there appears the subsequent authority, under section 32, just quoted, to join separate offenses in separate counts of the same indictment. Congress evidently intended that this should be done, even though as to one of the counts and as to one of the defendants the offense was a second offense.

While under the technical definitions of misdemeanors and felonies under the Criminal Code (35 Stat. 1088) the first offense is a misdemeanor and the second offense is a felony, yet, even if there were no special authority for joining different offenses in separate counts under section 32, I do not think that this distinction between misdemeanors and felonies, based entirely upon the amount of punishment, makes the offenses or acts different classes of crimes or offenses, as referred to in R. S. § 1024, where it is provided that several charges for two or more acts or transactions of the same class of crimes or offenses may be properly joined in separate counts. The distinction between misdemeanors and felonies at common law and in the United States at the time of the adoption of section 1024 was

entirely different from that distinction as it exists under the Code, which makes the amount of punishment alone the distinguishing line of demarcation between misdemeanors and felonies.

One sale of intoxicating liquor contrary to law is certainly the same class of crime as another sale of intoxicating liquor, though for the first offense the punishment may be such as to make the crime a misdemeanor, and for the second offense a felony.

One offense of possessing liquor contrary to law is, I think, the same class of offense as a sale of liquor contrary to law, and they may be charged in separate counts of the same indictment, though in the case of the one offense it may be a first offense and a misdemeanor, and in the case of the other offense it may be a second offense and a felony—the distinguishing line of demarcation being only the amount of punishment.

For these reasons, and, even if we are controlled by R. S. § 1024, instead of section 32 of the act, first and second offenses against the same act, though one may be a misdemeanor and the other a felony, can be charged in separate counts of the same indictment.

[3] As to the misjoinder of defendants, there is no merit, unless it be, as contended, because against one, the charge is of a second offense, and against the other, of a first offense, though against the same act. If such defendants, guilty of a joint commission of a crime—the one as a first offender, and the other as a second offender—cannot be joined in the same indictment, it means a large increase in the number of indictments, and of trials necessary to enforce the law.

The policy of the law is certainly to join all parties, who jointly commit an offense, in the same indictment as joint offenders. Recently the Judicial Conference, held by virtue of a statute of the United States, commented upon the practice of charging against two offenders conspiracy to violate a law, instead of charging the same offenders jointly in the same count with a joint commission of the same act, and the Judicial Conference advised in favor of the latter course instead of the former course.

What possible harm and prejudice can result to either of the accused, and especially to the one accused of the first offense, because the other is charged as a second offender? What possible prejudicial effect can the introduction of evidence to show,

against one defendant, that he has previously violated the same law, have against the other defendant, under any circumstances, and particularly if the jury be cautioned, as they were in this case, that the evidence introduced as to the prior offense was only to be considered as against the party charged with the second offense, and was to be disregarded, so far as the other party was concerned? What possible effect could such evidence of a prior offense have in tending to induce the jury to convict the other defendant of a first offense, simply because evidence is admitted as against the other defendant of a prior offense, particularly, I say, if the jury be cautioned at the time?

What possible prejudice can result to the defendant charged with the first offense because, if they convict the other defendant of a second offense, the latter's punishment, under the law, may be greater and be sufficient to make it a felony? The fact that the punishment to be imposed by the court, and with which the jury has nothing to do, may be different as to the two defendants, makes no difference. In many crimes, where a wide discretion is given to the judge in fixing the penalty, and where there are two defendants charged with the identical offense, both as a first offense, the punishment imposed by the judge as to the two defendants may be entirely different. One may receive the imposition of a simple fine or jail sentence, and the other may be ordered confined in the penitentiary for a number of years. In this case there could be no objection to the joinder of offenses, or of defendants, and why should there be any difference in the case at bar, simply because, as a result of one of the defendants being charged as a second offender, he might have received more severe punishment than the other?

For these reasons, I concluded that, even if the cases of both defendants had been submitted to the jury for a verdict, neither would have had any cause to complain of any prejudicial error.

But in the case at bar, there is even less reason for the convicted defendant to complain, because, prior to the submission of the case to the jury, a verdict was directed as to the other defendant, and the jury had before them only the decision of the case as to the one defendant that was convicted, and could not possibly have been confused as to the issue against this one in their deliberation. The jury, having nothing whatever to do with the amount of the punishment, had the single question to determine whether the defendant was guilty or not guilty, and could not have been prejudiced by any of the matters complained of. If there be error at all, and I do not think there is, it was not prejudicial, and it is only prejudicial error that can avail the defendant.

[4, 5] There was a suggestion of duplicity in the indictment, for the same reason that it was considered illegal to join two offenders, the one charged with a first offense, and the other charged with a second offense, against the same law in the same count of the same indictment. Joint offenders committing the same act must be charged in the same count of the same indictment. Duplicity consists in charging the same defendant in the same count with more than one crime, and there is no contention of anything of this sort. The complaint is simply that the two offenders were charged in the same count—one with a first offense, and the other with a second offense.

[6] After the close of the government's evidence, a motion was made by the attorney of the two defendants on behalf of both defendants to direct a verdict, and, in support of this motion, Coco v. U. S. (C. C. A.) 289 F. 33, was cited.

By reason of the authorities cited in that case, rather than the opinion in that case, itself, the court was of the opinion that both defendants should not be further prosecuted under that indictment, and then and there directed the government to elect which of the two defendants it wished to prosecute, and, the government having elected to continue the prosecution against Harvey Mullen, the court then and there stated to the jury that a verdict would be directed in favor of the other defendant, Dominick, and Dominick was thereafter out of the case, and was called as a witness by his original codefendant, Mullen.

In view of the decisions authorizing the court to direct the government to elect which of the several counts of an indictment against the same defendant it wishes to continue to prosecute in cases where the court holds that there is a misjoinder of counts, the court in this case considered that it had the same right to direct the government to elect which of the two defendants it wished to continue to prosecute. The court could see no possible harm or prejudice that might result to defendants by such election.

In Pointer v. U. S., 151 U. S. 396, 14 S. Ct. 410, 38 L. Ed. 208, the court held that, where the indictment shows that two murders were committed on the same day, in the same county and district, the court is justified in forbearing, at the beginning of the trial, and before the facts are disclosed, to compel an election by the prosecutor between the two charges. If it be discovered at any time during the trial that the substantial rights of the accused may be prejudiced by a submission to the same jury of more than one distinct charge of felony, the court can compel an election by the prosecutor. That discretion has not been taken away by this section. (1024).

The Court of Appeals of this circuit, in Gardes v. U. S., 87 F. 172, 30 C. C. A. 596, held that the trial court had discretion to require the government, either before it has offered proof, or after it has closed its proof, to elect certain counts on which it will ask conviction. There are numerous other authorities supporting this power of the court to direct the government to elect.

The defendant Mullen has not in any way been prejudiced in his substantial rights by the court's requiring the government to elect which of the defendants it would continue to prosecute. Even if the court had not directed the government to elect, the verdict and sentence against Mullen would have been correct under the authority of Brimie v. U. S., 200 F. 726, 119 C. C. A. 170, so far as that count was concerned, under which there was substantial and ample evidence to submit to the jury as to the joint guilt of both defendants. In the Brimie Case, while the court reversed the judgment of the lower court with the direction to grant a new trial as to certain counts, the lower court was simply directed to enter judgment and sentence according to law on the other counts, and the verdict thereon was thereby sustained.

But in the case at bar, by reason of the court's action in directing a verdict in favor of Dominick at the close of the government's case, the case at bar is not even controlled by the conclusion reached in the Brimie Case. So far as the substantial rights of Mullen are concerned, it is the same as if he had been indicted by himself in the several counts upon which he has been convicted. He has suffered no prejudice whatever, so far as I can see.

For the above reasons, the defendant's motions were overruled.