## BLAIN v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
October 13, 1927.

No. 7783.

1. **Criminal law ⚖️1026—Though defendant pleaded guilty, he could, by writ of error, raise question whether indictment charged any offense.**

Though defendant pleaded guilty to charge contained in single count of indictment, he could, by writ of error, properly raise the question whether the indictment charged any offense against the United States.

2. **Indictment and information ⚖️110(3)—Indictment in words of statute is sufficient, if ingredients of crime are set forth with requisite particularity.**

In statutory crimes, where statute sets forth fully the ingredients of the crime, an indictment which follows the wording of the statute is sufficient, if the ingredients are set forth with requisite particularity.

3. **Prostitution ⚖️3—Indictment charging transportation in interstate commerce of woman for prostitution held not defective in failing to state mode of travel (White Slave Traffic Act, § 2 [18 USCA § 398]).**

Indictment charging transportation of woman in interstate commerce for purposes of prostitution and debauchery *held* not defective in not stating manner of travel, fact that common carrier was not mentioned showing that indictment was drawn under White Slave Traffic Act, § 2 (18 USCA § 398), which does not require transportation by common carrier, as do sections 3 and 4 of the act (18 USCA §§ 399, 400).

4. **Prostitution ⚖️3—Indictment for transporting woman in interstate commerce for prostitution and debauchery need not state her age (White Slave Traffic Act, § 2 [18 USCA § 398]).**

Indictment under White Slave Traffic Act, § 2 (18 USCA § 398), charging transportation of woman in interstate commerce for purposes of prostitution and debauchery, need not state age of the woman.

5. **Prostitution ⚖️3—Indictment charging transportation of woman in interstate commerce for debauchery held sufficiently to define debauchery (White Slave Traffic Act, § 2 [18 USCA § 398]).**

Indictment under White Slave Traffic Act, § 2 (18 USCA § 398), charging transportation of woman in interstate commerce for purpose of prostitution and debauchery by unlawful sexual intercourse and with purpose of inducing,

enticing and compelling her to give herself up to the practice of prostitution and debauchery by having unlawful sexual intercourse with accused, held sufficient as against objection that it did not define debauchery.

**6. Prostitution ⊸3—Indictment charging transportation of woman in interstate commerce for debauchery and enticing and compelling her to become debauched held not duplicitous (White Slave Traffic Act, § 2 [18 USCA § 398]).**

Indictment under White Slave Traffic Act, § 2 (18 USCA § 398), charging transportation of woman in interstate commerce for purposes of prostitution and debauchery, held not duplicitous in charging transportation for purpose of debauchery and in enticing and compelling the woman to give herself up to debauchery, transportation being the only offense charged.

**7. Indictment and information ⊸125(35)—Indictment charging that accused did "transport and cause to be transported, and aid and assist in obtaining transportation for," woman for prostitution held not duplicitous (White Slave Traffic Act, § 2 [18 USCA § 398]).**

Indictment under White Slave Traffic Act, § 2 (18 USCA § 398), charging that accused did "transport and cause to be transported, and aid and assist in obtaining transportation, and in transporting" a woman in interstate commerce for purpose of prostitution, held not duplicitous because it covered several means of accomplishing one result.

**8. Prostitution ⊸3—That parties were common-law husband and wife held matter of defense, and did not invalidate indictment charging transportation for prostitution (White Slave Traffic Act, § 2 [18 USCA § 398]).**

That accused and woman whom he was charged to have transported in interstate commerce for purposes of prostitution and debauchery, in violation of White Slave Traffic Act, § 2 (18 USCA § 398), were common-law husband and wife, would be a matter of defense, which did not invalidate indictment.

**9. Criminal law ⊸1032(2), 1129(1)—Objection that evidence before grand jury did not sustain indictment, not raised in trial court nor by assignment of error, will not be considered on review.**

Objection to sufficiency of evidence before grand jury to sustain indictment, not raised in trial court nor by assignment of error, will not be considered by appellate court on writ of error.

In Error to the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Lovel A. Blain was convicted of violating the White Slave Traffic Act, and he brings error. Affirmed.

Donald G. Hughes, of Minneapolis, Minn. (J. L. Sullivan, of Jayton, Tex., on the brief), for plaintiff in error.

Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. [1] This is a writ of error to a judgment of conviction under section 2 of the White Slave Traffic Act (36 Stat. 825; U. S. C. tit. 18, § 398 [18 USCA § 398]). Although defendant pleaded guilty to the charge contained in the single count of the indictment, yet by writ of error he could properly raise the question whether the indictment charged any offense against the United States. 16 C. J. p. 402, § 738; Hocking Valley Ry. Co. v. United States (C. C. A.) 210 F. 735, 738.

The charging part of the indictment reads as follows:

"That one Lovel A. Blain, on or about the 11th day of September, A. D. 1926, did unlawfully, willfully, knowingly, and feloniously transport and cause to be transported, and aid and assist in obtaining transportation for, and in transporting a certain woman, to wit, Willie Bragg, from the city of Amarillo in the state of Texas, to the city of Des Moines in the state of Iowa, that is to say, from the city of Amarillo in the state of Texas, to the Central division of the Southern district of Iowa, a point within the jurisdiction of this court, for the purpose of prostitution and debauchery, to wit, then and there the said Lovel A. Blain and Willie Bragg to have unlawful sexual intercourse, the said Lovel A. Blain and Willie Bragg being not married, and with the intent and purpose on the part of the said Lovel A. Blain to induce, entice, and compel the said Willie Bragg to give herself up to the practice of prostitution and debauchery, and other immoral practices, to wit, then and there the said Lovel A. Blain and Willie Bragg to have unlawful sexual intercourse, the said Lovel A. Blain and Willie Bragg being not married, and whereby the said woman, Willie Bragg, was transported in interstate commerce from the said town of Amarillo, Texas, to the city of Des Moines, Iowa."

The second section of the statute under which the indictment was found reads, so far as here material, as follows:

"That any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate * * * commerce, * * * any woman or girl for the purpose of prostitution or debauchery, * * * or with the intent and purpose to induce, en-

tice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice, * * * whereby any such woman or girl shall be transported in interstate * * * commerce, * * * shall be deemed guilty of a felony, and upon conviction thereof shall be punished. * *, * "

[2] It is apparent that the indictment follows closely the wording of the statute. In statutory crimes, where the statute sets forth fully the ingredients of the crime, an indictment which follows the wording of the statute is sufficient, provided the ingredients are set forth with the requisite particularity. Huffman v. United States, 259 F. 35, 37 (C. C. A. 8); Thorn v. United States, 278 F. 932 (C. C. A. 8). We think the indictment fulfilled these requirements.

[3] It is contended by defendant that the mode of travel should have been set out. This was not necessary under section 2 of the act (Wilson v. United States, 232 U. S. 563, 34 S. Ct. 347, 58 L. Ed. 728); and the fact that a common carrier was not mentioned shows that the indictment was drawn under section 2, and not under section 3 or section 4 (18 USCA §§ 398–400). Under the two last-mentioned sections transportation by common carrier is an ingredient of the offense.

[4] It is further contended that the age of the woman should have been stated. The age of the woman is immaterial, except under section 4, where it is made an ingredient of the offense.

[5] It is further contended that the allegation as to debauchery was insufficient; that the facts should have been alleged. The answer to this contention is that the indictment did set up what was meant by debauchery, and the facts so alleged come within the definition of debauchery. See, also, Suslak v. United States (C. C. A.) 213 F. 913, 917; Ammerman v. United States, 262 F. 124 (C. C. A. 8).

[6] Finally, it is contended that the indictment was void for duplicity. One of the points here urged is that the indictment charges first a transportation for the purpose of debauchery, and later an enticing and compelling the woman to give herself up to debauchery. A careful reading of the indictment shows that but one offense is charged, viz. one transportation, and that this charge is followed by setting out two purposes. This does not make the indictment duplicitous.

[7] It is further urged that the language, "transport and cause to be transported and aid and assist in obtaining transportation for, and in transporting," renders the indictment duplicitous. There is no merit in this point. The language used simply covers several means or modes of accomplishing one result. This does not render an indictment duplicitous. Crain v. United States, 162 U. S. 625, 636, 16 S. Ct. 952, 40 L. Ed. 1097; Ackley v. United States, 200 F. 217 (C. C. A. 8); O'Neill v. United States, 19 F.(2d) 322 (C. C. A. 8); Collins v. United States, 20 F.(2d) 574 (C. C. A. 8).

[8, 9] Two other matters were mentioned on the argument by counsel for defendant: (1) That defendant and the woman who was transported were common-law husband and wife; (2) that there was no evidence before the grand jury on which to base the indictment. Neither of these matters can be considered here. If the first were true, it would be matter of defense, but would not render the indictment invalid. As to lack of evidence before the grand jury, it is sufficient to say that there is no assignment of error touching the matter, and no such claim was made in the court below.

Judgment affirmed.