## UNITED STATES v. HUNT.

## UNITED STATES v. HENDERSON.

### No. 7542, 7543.

Circuit Court of Appeals, Seventh Circuit.

May 21, 1941.

Rehearing Denied June 23, 1941.

Luis Kutner, of Chicago, Ill., for appellant Hunt and Henry L. Balaban, of Chicago, Ill., for appellant Henderson.

J. Albert Woll, U. S. Atty., of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

Judgment of five years' imprisonment was imposed upon each defendant, upon verdicts of guilt, under indictment for violation of the Mann Act, 18 U.S.C.A.

§ 397 et seq. The grounds of appeal are: (a) insufficiency of the evidence to support the judgment, (b) defects in the indictment, (c) variance between the indictment and the proof, (d) trial errors in examination of witnesses, (e) prejudicial remarks by prosecuting attorney, (f) erroneous instructions, prejudicial trial rulings, form of verdict, and refusal of severance.

The indictment was in six counts—three counts charged transportation of two girls from Benton Harbor, Michigan, to Chicago, Illinois, for purposes of prostitution, etc., and three counts charged similar transportation of one of the girls from Chicago, Illinois to Milwaukee, Wisconsin. Conviction was on all counts.

■ The evidence amply supported the verdict, and disclosed the trip from Benton Harbor, to Chicago, where the defendants purchased clothing for the girls, and then drove them to Aurora, where one was placed in a house of ill fame. The other girl was driven to Milwaukee, where she stayed, and was later transferred to Sheboygan, and still later, to Aurora. Upon defendants' request the girls paid their earnings to them. Owners of the houses testified defendants conferred with them regarding the placement of the girls. The veracity of such witnesses may be open to question, but it was the jury's task to determine the reliability of their testimony. Appellant Henderson testified in his own defense and told a story of some plausibility, but it is not for us to weigh such conflicting evidence.

The alleged trial errors will be separately, but briefly considered.

■ (1) Refusal of Severance. We see no error in the trial court's refusal of severance. The two defendants acted jointly in most of the transactions which went to make up the crime charged. Most of the acts were done in each other's presence. Justice could be better served by a joint trial. The District Court correctly exercised its discretion. Lucas v. United States, 70 App.D.C. 92, 104 F.2d 225.

■ (2) Denial of Defendants' Motion to Compel Election. The six counts here charged were properly joined together, since all arose out of the same general transaction. Their allegations charged different phases of the same criminal plan, involving the same girls and the same general period of time. This case falls within the statute for joinder which provides:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated." (18 U.S.C.A. § 557.)

See Egan v. United States, 52 App.D.C. 384, 287 F. 958.

■ (3) Limitation of Cross-Examination. Defendants complain that the trial judge unduly limited the cross-examination of the Government's witnesses relative to their age, who it was that suggested the trip to Chicago, whether they had been on prior trips to Chicago, etc. We feel the defendants were in no way prejudiced by such complained of limitation of cross-examination. Some of the matters were presented to the jury in other evidence, some of the cross-examination was incorrectly attempted, while other efforts were not in any way related to the direct examination.

■ (4) Variance between Indictment and Proof. This objection is made both from the angle of inability of defendants to know what crime they had to meet, and from the angle of double jeopardy should they again be tried. As a matter of fact, defendants could hardly claim doubt in this case as to what they had to meet. They were tried before on this same indictment (The Government thereafter confessed error and there was a retrial). Also, the stay in Chicago was but a link preparatory to the girls' placement in other cities. Defendants would have little difficulty in proving, should they ever be subjected to the hazard of a future indictment covering these same offenses, the crimes for which they were here convicted, and which would serve as a bar to subsequent prosecution. The trial court carefully and fully covered this aspect of the case in an instruction.

■ (5) The allegations of the indictment are challenged as being too vague and failing to set out the particular acts constituting the crime. The counts followed substantially the language of the

statute. They were sufficiently specific. They named the date of the trips, the girls or girl involved, the mode of transportation, and the object of the transportation, using the statutory terms, such as "for the purpose of prostitution," etc. See United States v. Lewis, 7 Cir., 110 F.2d 460.

Other objections we have considered, and deem it unnecessary to say more than that they are without merit.

The judgment is affirmed.