## MELLOR v. UNITED STATES.

### FORD v. SAME.

Nos. 13349, 13350.

Circuit Court of Appeals, Eighth Circuit.

April 10, 1947.

Writ of Certiorari Denied June 16, 1947.

See 67 S.Ct. 1734.

Eugene D. O'Sullivan, of Omaha, Neb. (Hugh J. Boyle, of Omaha, Neb., on the brief) for appellants.

A. Z. Donato, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty, of Omaha, Neb., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

These consolidated appeals present for our review judgments of conviction under an indictment charging Ralph B. Mellor, appellant in No. 13,349, and Charles J. Ford, appellant in No. 13,350, jointly with violation of Section 2 of the Mann Act, 18 U.S.C.A. § 398. The indictment was in a single count and charged that on or about August 10, 1944, appellants "did unlawfully, wilfully, knowingly, and feloniously transport and cause to be transported, and aid and assist in obtaining transporta-tion for and in transporting, in interstate commerce from the ranch home of Defendant Ralph B. Mellor in Holt County, in the Norfolk Division of the District of Nebraska, Circuit aforesaid, and within the jurisdiction of this Court, to the City of Moran, in the State of Wyoming, two certain girls, to-wit, Doreen L. Hasenpflug and Lois Jean Milacek, for the purpose of prostitution and debauchery and for other immoral purposes, and with the intent and purpose on the part of them, the said Ralph B. Mellor and Charles J. Ford, and each of them, to induce, entice, and compel said girls, and each of them, to give themselves up to debauchery and to engage in other immoral practices; contrary to the provisions of the statute in such case made and provided, and against the peace and dignity of the United States of America (18 U.S.C. 398 [18 U.S.C.A. § 398])."

Defendants filed motion for bill of particulars, a motion to quash the indictment and a special demurrer to the indictment. These motions were overruled, defendants were arraigned, pleaded not guilty and the case proceeded to trial before a jury. Motions for directed verdict filed at the close of the government's evidence and renewed at the close of defendants' evidence were overruled and defendants were found guilty. A motion for new trial was overruled and defendants were each sentenced to three years imprisonment. In ruling on the motion for new trial the district court passed on substantially the same contentions presented here and we have the benefit of an exhaustive and well considered opinion of the learned district judge setting forth the reasons for denial of the motion. 71 F.Supp. 53.

The appellants assign as error the action of the district court in overruling the motion for bill of particulars. No authority is cited in support of this assignment and it will suffice to observe that the motion was addressed to the sound discretion of the trial judge, whose decision was final in absence of clear abuse of such discretion. Kempe v. United States, 8 Cir., 151 F.2d 680; Braatelien v. United States, 8 Cir., 147 F.2d 888; Pines v. United States, 8 Cir., 123 F.2d 825.

"The rule is that if a defendant is not sufficiently informed by an indictment of the nature and cause of the accusation made against him and is fearful that upon trial he will be surprised by the evidence of the government, he can apply for a bill of particulars, which the trial court, in the exercise of a sound legal discretion, may grant or refuse, as the ends of justice require. It necessarily follows that a clear abuse of judicial discretion in denying an application for a bill of particulars must be shown in order to justify a reversal. Wong Tai v. United States, 273 U. S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545." Hewitt v. United States, 8 Cir., 110 F.2d 1, 7.

That appellants were neither misled, surprised nor confused by the language of the indictment and denial of the motion is evident on examination of the record. The indictment informed defendants of the offense with which they were charged and was sufficient to protect them subsequently, if necessary, in a plea of former jeopardy.

By appropriate assignments of error the sufficiency of the indictment is challenged. It is first contended that the indictment is so vague and indefinite as to result in denial of due process of law to defendants in violation of the Fifth Amendment and to violate defendants' rights under the Sixth Amendment to be informed of the nature and cause of the accusation against them.

█ The statute under which defendants were indicted provides in pertinent part:

"Any person who shall knowingly transport or cause to be transported, or aid or assist in obtaining transportation for, or in transporting, in interstate * * * commerce * * * any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose, or with the intent and purpose to induce, entice, or compel such woman or girl to become a prostitute or to give herself up to debauchery, or to engage in any other immoral practice * * * shall be deemed guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $5000, or by imprisonment of not more than five years, or by both such fine and

imprisonment, in the discretion of the court." 18 U.S.C.A. § 398.

It is immediately apparent that the indictment follows closely the language of the statute and supplies the specific information applicable to the particular case. In an indictment for a statutory offense it is generally sufficient to describe the offense in the words of the statute. Stokes v. United States, 8 Cir., 39 F.2d 440; Galatas v. United States, 8 Cir., 80 F.2d 15, certiorari denied, 297 U. S. 711, 56 S.Ct. 574, 80 L.Ed. 998. Section 2 of the Mann Act with which we are presently concerned sets forth the elements of the offense directly and with certainty, and the indictment framed in the language of the statute is sufficient against attack on the constitutional grounds. Blain v. United States, 8 Cir., 22 F.2d 393; United States v. Hunt, 7 Cir., 120 F.2d 592, certiorari denied, 314 U. S. 625, 62 S.Ct. 97, 86 L.Ed. 502; Hughes, v. United States, 6 Cir., 114 F.2d 285.

█ The indictment challenged here bears striking resemblance to that upheld in United States v. Hunt, supra. While the mode of transportation was set forth in the indictment in the Hunt case and was not set forth in the present indictment, it is settled law that such an averment is not necessary in a prosecution under Section 2 of the Mann Act. Blain v. United States, supra; Cf.: Wilson v. United States, 232 U. S. 563, 34 S.Ct. 347, 58 L.Ed. 728.

█ The indictment is challenged further for its use of the conjunctive "and" in the charging parts, rather than the disjunctive "or" used in the statute. The contention is that this constituted an attempt by the United States Attorney to usurp the exclusive power of Congress to legislate under Art. I, Section 1 of the Constitution. But appellants do not point out, nor are we able to discern, how the power of Congress is in any manner affected. No authority is cited in support of appellants' contention and we are able to find none. On the other hand, the propriety of the use of conjunctive averments in an indictment based on a statute phrased in the disjunctive has long been recognized. Crain v. United States, 162 U. S. 625, 16 S.Ct.

952, 40 L.Ed. 1097; Ackley v. United States, 8 Cir., 200 F. 217; O'Neill v. United States, 8 Cir., 19 F.2d 322; Wolpa v. United States, 8 Cir., 86 F.2d 35; Pines v. United States, 8 Cir., 123 F.2d 825; Price v. United States, 5 Cir., 150 F.2d 283. As pointed out in the Ackley case, 200 F. at page 221:

"* * * if the statute denounces several things as a crime, the different things thus enumerated in the statute being connected by the disjunctive 'or,' the pleader must connect them by the conjunctive 'and' before evidence can be admitted as to more than the one act. To recite that the defendant did the one thing *or* another makes the indictment bad for uncertainty. To charge the one thing *and* another does not render the indictment bad for duplicity, and a conviction follows if the testimony shows the defendant to be guilty of either the one *or* the other thing charged."

It is most seriously urged that the indictment is duplicitous, and charges several offenses in one count. It is contended that it was improper to join two defendants in a single count indictment charging a substantive offense and not a conspiracy. However, the right to charge two defendants jointly in a single indictment is recognized in a number of well reasoned cases, which hold that such procedure does not result in misjoinder of defendants, nor render the indictment subject to attack for duplicity. United States v. Mullen, D.C., 7 F.2d 244; Lucas v. United States, 70 App.D.C. 92, 104 F.2d 225; United States v. Hunt, 7 Cir., 120 F.2d 592. The Hunt case was a Mann Act prosecution against two defendants who were jointly indicted and who requested a severance for the purpose of trial. The district court denied the severance and the Circuit Court of Appeals, in affirming the judgment, said [120 F.2d 593]:

"We see no error in the trial court's refusal of severance. The two defendants acted jointly in most of the transactions which went to make up the crime charged. Most of the acts were done in each other's presence. Justice could be better served by a joint trial. The District Court correctly exercised its discretion. Lucas v.

United States, 70 App.D.C., 92, 104 F.2d 225.

"* * * The six counts here charged were properly joined together, since all arose out of the same general transaction. Their allegations charged different phases of the same criminal plan, involving the same girls and the same general period of time."

In the Mullen case, supra, the court said, 7 F.2d at page 246:

"There was a suggestion of duplicity in the indictment, for the same reason that it was considered illegal to join two offenders, the one charged with a first offense, and the other charged with a second offense, against the same law in the same count of the same indictment. Joint offenders committing the same act must be charged in the same count of the same indictment. Duplicity consists in charging the same defendant in the same count with more than one crime, and there is no contention of anything of this sort. The complaint is simply that the two offenders were charged in the same count—one with a first offense, and the other with a second offense."

We are clear that under the circumstances of the case it was proper to indict the two appellants jointly and that the indictment is not for that reason subject to attack for duplicity.

The appellants further contend that the indictment is duplicitous in that appellants are charged in a single count with transportation of two girls the argument being that the proof required to sustain the charge as to each girl transported is necessarily different. The evidence established that the two girls were transported in the same vehicle and at the same time. Whether more than one offense could be carved out of this single simultaneous transportation of the girls, we think it is unnecessary to decide. We have no doubt that the Government properly might treat the entire transaction as one joint offense (see Robinson v. United States, 10 Cir., 143 F.2d 276, and compare United States v. St. Clair, D.C., 62 F.Supp. 795) and should be commended, rather than criticised, for

having done so. We realize that a single transaction may constitute a number of separate offenses. Ebeling v. Morgan, 237 U.S. 625, 629, 631, 35 S.Ct. 710, 59 L.Ed. 1151; Albrecht v. United States, 273 U.S. 1, 11, 12, 47 S.Ct. 250, 71 L.Ed. 505; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306. We know of no rule that renders an indictment duplicitous because it charges as one joint offense a single completed transaction instead of charging in separate counts as many offenses as the evidence at the trial might conceivably sustain.

Appellants further contend that the indictment is duplicitous in that it charges more than one offense against each defendant. This assignment is likewise based on the fact that the indictment followed substantially the language of the statute but substituted the conjunctive for the disjunctive used in the statute. The contention is that duplicity results from the conjunctive charge that appellants transported and aided and assisted in transporting two named girls for the purpose of prostitution and debauchery and other immoral purposes. We have previously ruled against appellants' position on the precise question presented and are not disposed to interfere with that holding. See Blain v. United States, 8 Cir., 22 F.2d 393, 395, where we said:

"Finally, it is contended that the indictment was void for duplicity. One of the points here urged is that the indictment charges first a transportation for the purpose of debauchery, and later an enticing and compelling the woman to give herself up to debauchery. A careful reading of the indictment shows that but one offense is charged, viz. one transportation, and that this charge is followed by setting out two purposes. This does not make the indictment duplicitous.

"It is further urged that the language, 'transport and cause to be transported and aid and assist in obtaining transportation for, and in transporting,' renders the indictment duplicitous. There is no merit in this point. The language used simply covers several means or modes of accomplishing one result. This does not render an indictment duplicitous. Crain v. United

States, 162 U.S. 625, 636, 16 S.Ct. 952, 40 L. Ed. 1097; Ackley v. United States, [8 Cir.], 200 F. 217; O'Neill v. United States [8 Cir.,] 19 F.2d 322; Collins v. United States, [8 Cir.,] 20 F.2d 574."

In a prosecution under Section 2 of the Mann Act the offense is the obtaining or inducing the transportation for one or more of the illicit purposes named in the statute. Wilson v. United States, 232 U.S. 563, 34 S.Ct. 347, 58 L.Ed. 728; Hoke v. United States, 227 U.S. 308, 33 S.Ct. 281, 57 L.Ed. 523, 43 L.R.A.,N.S., 906, Ann.Cas. 1913E, 905; Athanasaw v. United States, 227 U.S. 326, 33 S.Ct. 285, 57 L.Ed. 528, Ann.Cas.1913E, 911; Roark v. United States, 8 Cir., 17 F.2d 570, 51 A.L.R. 870. Gillette v. United States, 8 Cir., 236 F. 215 was a prosecution under Section 3 of the Mann Act, 18 U.S.C.A. § 399, and in that case this court used language which seems to give some support to appellants' contention. There we found a distinction between transporting for the purpose of debauchery and transporting with intent that the woman should engage in the practice of debauchery. We held that the indictment charged the latter and that the evidence failed to sustain conviction. Examination of the Gillette case discloses that the indictment there was no less subject to attack for duplicity than the present indictment, but reversal was not on that ground but for insufficiency of evidence. In any event, the later holding in the Blain case, supra, precludes any contention that the present indictment is duplicitous. We have no doubt that appellants would have attacked the indictment with no less vigor and with far more reason had the charge against them been split into segments and separate sentences imposed as to each. We do not believe that such action was required and we hold that the indictment was properly drawn on the theory that one offense and one only was committed.

The appellants assign as error the action of the district court in submitting to the jury only the issues on which there was evidence offered, instead of submitting the case on the actual wording of the indictment. Appellants view this as an attempt by the trial court to amend the indictment, but we do not deem it surprising

that no authority is cited in support of the contention. It is well settled that although a court may not strike out part of an indictment, Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849, a portion not sustained by the evidence may be withdrawn from consideration of the jury. Salinger v. United States, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398; Dowdy v. United States, 4 Cir., 46 F.2d 417. In the Salinger case [272 U.S. 542, 47 S.Ct. 175] the Supreme Court said:

"The contention that the court, by withdrawing from the jury a part of the charge as without support in the evidence, amended the indictment and thereby prevented it from longer serving as an accusation by a grand jury is on no better plane than the others. The indictment was not amended, either actually or in legal effect. It remained just as it was returned by the grand jury, and the trial was on the charge preferred in it and not on a modified charge."

The district court informed the jury in clear and concise language that the indictment contained charges other than those submitted but that under the evidence only those issues submitted required the jury's consideration. The court was clearly right in submitting only such issues as were supported by evidence, and would have been in error had it submitted other issues. Chambliss v. United States, 8 Cir., 218 F. 154; State v. Clark, 196 Iowa 1134, 196 N.W. 82; State v. Strum, 184 Iowa 1165, 169 N.W. 373.

The appellants contend that the evidence was insufficient to justify a finding that the interstate transportation of the girls by appellants was for the purpose of debauchery or for any other illicit purpose. Briefly stated, the evidence was that on August 8, 1944, defendants were driving along a highway near O'Neill, Nebraska, when they observed the two girls involved walking along the road. Defendants picked up the girls who voluntarily accompanied them to the ranch home of defendant Mellor, located near Atkinson, Nebraska. They stayed at the ranch a few hours, then proceeded to Lynch, Nebraska, to attend a dance. Appellant Mellor mentioned that appellants were planning a fishing trip in Wyoming and invited the girls to accompany them, and the girls agreed to do so. After the dance one of the girls returned to the ranch with defendants and stayed at the ranch that night. The following night all four stayed at the ranch, the two girls sleeping in one room and appellants in another. The girls testified that appellants attempted to violate their person during the night but did not accomplish their purpose. On the following evening the trip to Wyoming was started. The testimony was that when the party reached the Nebraska-Wyoming state line the automobile was stopped and pursuant to previous agreement, the girls walked across the state line, then re-entered the automobile and continued the journey. Defendants paid all expenses of the trip and supplied the girls with some money with which they purchased some clothing before they reached their destination, a lodge near Moran, Wyoming.

Defendants rented a two-bedroom cabin at the lodge. The girls testified that after they reached the lodge, one of them occupied a bedroom with appellant Mellor and the other occupied the other bedroom with appellant Ford, and that they had intercourse with appellants. The girls stayed at the lodge about one week or ten days, then left the defendants and a few days later proceeded to California where one of the girls had relatives.

The appellants contended at the trial, and contend here, that they merely went on a pre-arranged fishing trip and gave the girls, who were headed for California, a ride as far as appellants were going. The girls testified that they did not disclose an intention to proceed to California until after their arrival in Wyoming. The jury passed on the issue thus presented and apparently was not convinced with defendants' testimony. Clearly there was sufficient evidence, if believed, to convict defendants of an illicit purpose in transporting the girls from Nebraska to Wyoming. Defendants may have had vague plans for a fishing trip and the girls may have had similar plans to hitch-hike to California. Notwithstanding such possibilities, the evidence was ample to justify the jury in

finding that an efficient and compelling purpose of the particular adventure undertaken by the four when they left the Mellor ranch in Nebraska was an illicit one as alleged in the indictment. Defendants rely on Mortensen v. United States, 322 U.S. 369, loc. cit. 374, 64 S.Ct. 1037, 1040, 88 L.Ed. 1331, and especially on the statement therein that "An intention that the women or girls shall engage in the conduct outlawed by § 2 must be found to exist before the conclusion of the interstate journey and must be the dominant motive of such interstate movement." We do not understand the Mortensen case as holding that an instruction on illicit purpose in a Mann Act prosecution must use the precise words "dominant motive." In the present case the district court charged that the government was required to prove the immoral purpose to have been "not a mere incident but rather an efficient purpose prompting and impelling the defendants to the transportation of the girls." This instruction was sufficient and it was not necessary to incorporate therein the exact language of the Supreme Court in the Mortensen case. The Mortensen case was totally different on the facts, and in that case it was determined that the transportation involved no immoral purpose.

[16] Appellants contend that they could not be guilty of violation of the Mann Act because they did not transport the girls across a state line, and point to the uncontradicted evidence that on reaching the Nebraska-Wyoming line the automobile was stopped and the girls walked across the state line. Thus appellants insist that there was a hiatus or gap in the transportation of the girls. That the girls voluntarily accompanied defendants was neither controverted nor material, and so far as we can see the only effect of the girls walking the few steps across the mythical line was to establish that their action was voluntary. But we will view the trip in its entirety in determining whether there has been a violation of the Mann Act. We must decline to thwart the legislative purpose of Congress in enacting the statute by holding that defendants could escape the penal consequences of their wrongdoing by the simple process of stopping the vehicle at the state line and having the girls step across that imaginary barrier. The trip was from a point near O'Neill, Nebraska, to another point near Moran, Wyoming. If it was taken with an illicit purpose outlined in the statute defendants are guilty. The jury has resolved the issue against defendants.

In United States v. Jamersen, D.C., 60 F.Supp. 281, District Judge Graven ruled on the identical issue involved herein. It was contended there that the girls had walked across the Nebraska-Iowa state line. In disposing of the issue Judge Graven said, 60 F.Supp. loc. cit. 284, 285:

"In the instant case, it is believed that it could constitute an 'arbitrary splitting' of the trip into segments, for this Court to hold as a matter of law that the short distance walked by the two girls constituted a segment separate, distinct and independent from the rest of the trip. It would seem that the jury could find that what in reality took place in the instant case was transportation of the two girls by automobile from Omaha, Nebraska, to Mason City, Iowa, by the defendant. It no doubt frequently happens that when a number of people are traveling by car, that some of them, while the car is being stopped for repairs or other servicing, walk up ahead a ways for exercise or for food or refreshment and then are picked up again. In such cases it could scarcely be seriously contended that the parties themselves or any one else would consider the trip other than as a trip by automobile. There are a number of places in the United States where a railroad or bus station is located on or near a state line. In accordance with this proposed 'immunity' theory, those transporting women by train or bus for purposes of prostitution, could escape responsibility under the Mann Act by having the women transported get off a rear coach on one side of the state line and walk across the state line and get on a forward coach on the other said of the line, or by having the women transported get off the bus on one side of the line and immediately get on the bus on the other side. Fictions do in some instances serve a useful purpose in working out justice * * * but legal fictions should not be substituted for realities to thwart justice."

Cf: Simon v. United States, 4 Cir., 145 F.2d 345.

■ The indictment charged that the girls were transported from defendant Mellor's ranch home in Holt County, Nebraska, to the city of Moran, Wyoming, and appellants contend that there was a failure of proof in that the terminus of the journey as proved was a lodge about 1½ miles distance from Moran, Wyoming. The evidence disclosed that the party intended to stop at Moran but that on reaching that point they were unable to find accommodations and therefore proceeded to the nearby lodge where they rented a cabin. The offense for which defendants were convicted was interstate transportation of the girls for an illicit purpose condemned by the statute and was complete when the party entered the State of Wyoming, regardless of the exact terminus of the trip. Evidence of the illicit relations that occurred at the lodge was admissible to establish the illicit purpose of the journey. In any event the terminus alleged and that proved are so substantially the same as to preclude a claim of fatal variance. Witnesses familiar with the locality referred to the lodge as being located at Moran, Wyoming, and the record is clear that defendants could not have been misled or taken by surprise by the allegation that the terminus was Moran rather than the lodge.

■ Appellants assign as error certain argument of counsel for the government. The assistant United States Attorney referred to defendant Ford as a "partner in crime" with defendant Mellor, and later stated that what he meant was that Ford was Mellor's partner in whatever happenings the jury found from the evidence and law. On both occasions the district court admonished the jury that comment of counsel was not evidentiary and that counsel was merely stating his position. Later, counsel stated that as a result of the escapade with defendants the girls were sent to the Industrial School for Girls. Defendants objected to the statement and the court remarked that while it was in the evidence that the girls were confined in the Industrial school, government counsel should desist from discussing the reason for their presence in the institution. Defendants further objected to statements of the assistant United States Attorney that if defendants were not found guilty "we might as well tear up this law, throw it into the ashcan and send notice to all the playboys that henceforth they can transport a female from one state to another for the purpose of debauchery and defile the womanhood of America," and the statement that it was for the jury to decide whether to believe the story of the two girls or that of the two men. Thereupon the court informed the jury that the court would instruct as to the essence of the case and in case of conflict between the court's instructions and argument of either counsel, the instruction would prevail.

We fail to find in the remarks of government counsel anything approaching prejudicial misconduct. In presenting a case the prosecuting attorney, as well as defense attorney, may make any reasonable comment on the evidence and may draw such inferences from the testimony as will support his theory of the case. In the heat of oral arguments and summations counsel sometimes use language they would not have used under less trying circumstances, and in order for such comment to constitute reversible error the language used must have been plainly unwarranted and clearly injurious. La Feber v. United States 8 Cir., 59 F.2d 588. The record before us does not include argument of defense counsel so we cannot know what may have prompted at least part of the language of the assistant United States Attorney of which complaint is made. Cf. Johnson v. United States, 8 Cir., 126 F.2d 242. In any event, we perceive in the argument complained of no overstepping of the bounds of propriety which would require reversal of conviction of these appellants.

We find no reversible error in the record and the judgments of conviction are affirmed.