46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Tom HESTER, Appellant.
 No. 94-3240WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 30, 1995.
Filed: February 13, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury convicted Tom Hester, a high school coach and bus driver, of interstate transportation of a minor with intent to engage in sexual activity in violation of 18 U.S.C. Sec. 2423 (1988). The testimony at trial revealed that Hester and a fourteen-year-old student drove together from Arkansas to Florida, where they shared a bed in a motel room and Hester sexually touched the minor. Hester appeals and we affirm.
 
 
 2
 Hester contends the district court committed error in rejecting Hester's requested jury instruction defining the intent element of the crime, and instead giving the jury the following instruction:
 
 
 3
 The Government does not have to prove that illicit sexual activity with a minor was the defendant's dominant motive for transporting the minor across the state line. However, the Government must prove that sexual activity with a minor, which is prohibited by the law, must be one of the defendant's motives and purposes of the trip.
 
 
 4
 Hester argues the district court's instruction is improper because it does not state the Government must prove that engaging the minor in illegal sexual activity was a "dominant purpose" of the interstate trip. We disagree. Even without using the exact wording the defendant requested, the district court adequately communicated to the jury that the Government was required to prove the illegal sexual contact between Hester and the minor student was one of the dominant purposes for making the trip, rather than a mere incident of the trip. See United States v. Ellis, 935 F.2d 385, 390 (1st Cir.) (jury instruction is not required to contain word "dominant" as long as instruction conveys idea that sexual activity must be a dominant motive), cert. denied, 112 S. Ct. 201 (1991); Mellor v. United States, 160 F.2d 757, 764 (8th Cir.) (same), cert. denied, 331 U.S. 848 (1947). Although the district court's instruction in this case is sufficient, we believe district courts could prevent appeals like Hester's by simply instructing that illegal sexual activity must be one of the dominant purposes of the interstate trip. See United States v. Drury, 582 F.2d 1181, 1185-86 (8th Cir. 1978) (an acceptable instruction used words "dominant purpose[ ]").
 
 
 5
 Accordingly, we affirm Hester's conviction.