COMMONWEALTH *vs.* CHARLES W. BINGHAM & another.

Suffolk.   January 31, 1893. — February 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Separate Trial of Joint Defendants — Discretion of Court — Evidence.*

If two persons are indicted jointly, it is within the discretion of the presiding judge to grant them separate trials; and the fact that admissions have been made by one which are not evidence as against the other is not a conclusive ground for ordering them to be tried separately.

At the trial of an indictment in two counts, one charging A. with forging a deed, and the other charging A. and B. with uttering the forged deed, evidence was admitted of a conversation between a detective and B., in the absence of A., in which B. made certain admissions prejudicial to A. A. moved to strike out this evidence. The judge denied the motion; and instructed the jury at the time, but not in the final charge, that they were not to consider this evidence in dealing with the case against A. *Held*, that A. had no ground of exception.

At the trial of an indictment charging A. with forging a deed, and A. and B. with uttering the forged deed, A. called as a witness B., who testified that A. employed him to get a sum of money upon a mortgage for the benefit of the person whose signature to the deed was alleged to be forged; and that he saw A. about a week after the money was paid over to A., who at that time told him what he had done with the money. B. was then asked, "What did he say he had done with it?" This question was excluded. *Held*, that A. had no ground of exception.

INDICTMENT, in two counts. The first count charged the forging of a deed by Charles W. Bingham; and the second count charged the uttering of the forged deed by Bingham and by Joshua U. Briggs. The defendants were tried together. Trial in the Superior Court, before *Braley*, J., who allowed a bill of exceptions, in substance as follows.

At the opening of the trial, the defendant Bingham moved " that the trial of these two defendants be separated, and that the defendant Bingham be permitted to go to trial alone, upon the ground that evidence will necessarily be admitted in the 'prosecution or defence of the defendant Briggs which, though inadmissible on the trial of Bingham alone, will, if the joint trial be allowed, unavoidably reach the ears of the jury to the fatal prejudice of the defendant Bingham, whereby his constitutional right to trial by jury will be violated."

The motion was denied, with leave to resume the same if it became apparent, during the progress of the trial, that the defendant Bingham was so prejudiced ; and he excepted.

The government. called as a witness John Cornish, superintendent of the Pinkerton Detective Agency, who was permitted, against the objection of the defendant Bingham, to testify to a conversation between himself and the defendant Briggs, in the absence of Bingham, in which Briggs was alleged to have stated to Cornish that Bingham came to him and engaged him (Briggs) to obtain a mortgage upon the property alleged to have been transferred to Briggs by a forged deed ; that he (Briggs) obtained the loan through one Creech ; that Bingham, claiming to be the duly authorized agent of John L. Barry (whose signature Bingham was charged with forging), instructed Briggs to execute and deliver a certain mortgage to one Fales for $5,000 ; that the deed was so executed and delivered by Briggs upon such instruction ; that $5,000 was paid thereon to Bingham ; and that Briggs received only twenty dollars of the money as a commission.

The defendant Bingham moved to strike out this evidence. This motion was denied; and the judge instructed the jury at the time, but not in the final charge, that they were not to consider this evidence in dealing with the case against Bingham. The defendant Bingham excepted.

The motion was then renewed on behalf of Bingham for a separate trial of the defendants, by reason of the above ruling. This motion was denied; and Bingham excepted.

Bingham called as his witness the defendant Briggs, who, after he had testified that Bingham employed him to get this money upon the mortgage for the benefit of John L. Barry, was asked by the defendant's counsel, " After this money was paid over to

Bingham, as the agent of Barry, did you see him again?" To which the witness answered, "Yes, about a week after." He was then asked, "At that time did Bingham state to you what he had done with the money?" The witness answered, "He did." He was asked the further question, "What did he say he had done with it?" This question was excluded; and the defendant Bingham excepted.

The jury returned a verdict of not guilty as to the defendant Briggs, and a verdict of guilty as to the defendant Bingham; and Bingham alleged exceptions.

*N. G. Green,* for the defendants.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

HOLMES, J.    The general rule is that persons jointly indicted should be tried together. Granting separate trials is a matter of discretion. The mere fact that admissions have been made by one which are not evidence as against the other is not a conclusive ground for ordering the parties to be tried separately. It may be sufficient to instruct the jury how far and against whom the evidence is to be considered. *Commonwealth* v. *James,* 99 Mass. 438, 440. *Commonwealth* v. *Bosworth,* 6 Gray, 479, 481. See *Commonwealth* v. *Miller,* 150 Mass. 69; *Commonwealth* v. *Robinson,* 1 Gray, 555.

The jury were instructed not to consider the admission of Briggs in dealing with the present defendant at the time when the evidence was put in. There was no need of repeating the instruction in the final charge, and the evidence, being pertinent against Briggs, could not be struck out.

No reason is suggested why Briggs should have been allowed to testify what Bingham said he did with the money obtained by the forgery. It does not appear what the evidence expected was, and it is difficult to imagine how any statement on the subject could have been material. *Morville* v. *American Tract Society,* 123 Mass. 129, 139. *Shinners* v. *Proprietors of Locks & Canals,* 154 Mass. 168.

*Exceptions overruled.*