State v. McDaniels, et al., 27 N. M. 59.

[No. 2467.    Feb. 11, 1921.]

## STATE v. McDANIELS et al.

### SYLLABUS BY THE COURT

1.   Severance of trial of two or more defendants jointly indicted for the same offense is discretionary with the trial court, and its action will not be reviewed by this court unless such discretion is abused.                                    P. 60

2.   Where the court expressly limits testimony as to admissions or confessions made by one defendant to such defendant alone, it is not error to deny a separate trial to each defendant.                                                        P. 60

3.   The admission or rejection of a confession in a criminal case in the first instance is for the court to determine.   If, after it is admitted by the court as voluntary, a conflict of evidence arises as to its voluntary character, the question of whether voluntary or not is for the jury under proper instructions.                                                    P. 61

Appeal from District Court, Grant County; Ryan, Judge.

· Jesse D. McDaniels and Harry Tellos were convicted of second degree murder, and they appeal. Affirmed.

J. H. Shettler and Alvan N. White, both of Silver City, for appellants.

H. S. Bowman, Assistant Attorney General, for the State.

### OPINION OF THE COURT.

RAYNOLDS, J.   The appellants, Jesse D. McDaniels and Harry Tellos, were indicted and tried jointly at the September, 1919, term of the district court for the county of Grant for the murder of Alfonso Cordova, resulting in a verdict of guilty of murder in the second degree.   Motion for a new trial was overruled and appellants sentenced to the penitentiary, McDaniels for a period of 99 years and Tellos for 75 years, from which verdict and sentence the appellants appealed to this court.

The appellants rely upon two propositions for reversal of the judgment of the court below:   First, that the court erred in refusing to grant the motion

of the appellant McDaniels for a severance and a separate trial; and, second, that the confession of the appellant Tellos was improperly admitted because it was not voluntary.

[1]   The law in regard to both of these propositions is well settled in this state.   Severance of trials where two defendants are jointly indicted is a matter of discretion of the trial court, and is not a ground for reversal unless such discretion is abused. This doctrine is laid down in the case of Territory. v. Clark, 15 N. M. 35, at page 44, 99 Pac. 697, and the general proposition as above stated is found with numerous cases cited in 16 C. J. 784, § 2006, note 68.

[2]   It is argued, however, by the appellant McDaniels, that a severance should have been granted him because of admissions and confessions made by Tellos involving the appellant McDaniels.   This contention is without merit in this case, as the rights of McDaniel were properly safeguarded by an instruction of the court hereinafter set out.   The general rule is as follows:

"If one of several defendants jointly indicted has made admissions or confessions involving another defendant, the court may in its discretion order a separate trial, so that admissions or confessions while evidence against one may not prejudice the other, unless the prosecuting attorney expressly declares that such statements will not be offered in evidence on the trial.   It is not error to deny a separate trial on such ground where the court expressly limits testimony as to the admissions or confessions made by one defendant to such defendant alone." 16 C. J. 787, § 2009.

See, also, Ball v. U. S., 163 U. S. 662, 672, 16 Sup. Ct. 1192, 41 L. Ed. 300; Commonwealth v. Bingham, 158 Mass. 169, 33 N. E. 341; People v. Hotz, 261 Ill. 239, 103 N. E. 1007, 1014.

The trial court as appears from the transcript limited the testimony of the appellant Tellos, and expressly charged the jury that such confession did

not affect the appellant McDaniels.   The instruction given by the court was as follows:

"There has been introduced in evidence before you statements purporting to have been made by the defendant Harry Tellos at the time he was in the custody of the sheriff.   It is for you to determine beyond a reasonable doubt whether such statements were made, and I charge you that if you believe from the evidence that such statements were made, you may not consider them in any respect as bearing upon the guilt or innocence of the defendant Jesse D. McDaniels."

[3]   As to the second proposition, that the confession of the appellant Tellos was improperly admitted because it was involuntary, this court in the case of State v. Anderson, 24 N. M. 360, 367, 174 Pac. 215, 217, reviews the law in regard to confessions and makes the following statement:

"In State v. Ascarate, 21 N. M. 191, 153 Pac. 1036, we discussed, in detail, the law of confessions.   We held, among other things, that the contents of confessions were inadmissible where the confession was involuntarily made; that preliminary evidence should be taken to determine whether the confession was voluntary, and, if the court then found it was voluntarily made, evidence of the contents thereof became admissible.   If a conflict of evidence as to voluntary character of the confession subsequently ensued, the matter became one for the determination of the jury, under proper instructions."

See, also, U. S. v. De Amador, 6 N. M. 173, 178, 27 Pac. 488; Faulkner v. Territory 6 N. M. 464, 489, 30 Pac. 905; Territory v. Emilio, 14 N. M. 147, 156, 157, 89 Pac. 239; State v. Armijo, 18 N. M. 262, 267, 135 Pac. 555.

In the present case the court followed the law as laid down in the above quotation and, after determining that the confession was admissible, instructed the jury on the question as to whether it was voluntary or involuntary, upon which the evidence was conflicting, as follows:

"You are instructed that this statement (statement of Harry Tellos, admitting complicity in the crime), if you find it was made by the defendant Harry Tellos, may be considered by you against the defendant Harry Tellos; but the

statement will not be given any weight by you whatever if you believe from the evidence, or entertain any reasonable doubt from the evidence, that the statement was not made freely and voluntarily, or that it was induced by force, threats, or coercion, or any exterior influence that operated to deprive it of freedom."

By this instruction the court safeguarded the rights of the appellants and properly left to the jury the question of whether the confession was voluntary or involuntary. We have carefully read the entire record and have come to the conclusion that the defendants had a fair trial and that there is no ground for reversal in the case.

The judgment of the lower court is therefore affirmed, and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.