[No. 3511.   July 17, 1930.]

STATE v. BELL.

[290 Pac. 739.]

Albert Morgan, of Portales, for appellant.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

SIMMS, J.

Appellant was convicted of possessing a still for manufacturing intoxicating liquor.

His first ground of appeal seems to be that there is no testimony in the record which points to his guilt. We think there was sufficient evidence to go to the jury and, under our unbroken line of authorities on this question, we will not disturb the verdict.

Appellant next finds fault with the action of the trial court in allowing a witness to testify as to what he

saw on June 3d, when the crime is charged in the indictment to have been committed on June 14th. The statute permits proof any time within the period of limitation. Section 35-4410, Comp. St. 1929.

Finally, appellant complains that peace officers who were looking for another party came to his house and looked in, finding, as they testified, the still and apparatus in question. Appellant says that without a search warrant to justify such action, the officers had no right to thus violate his habitation, and their testimony as to what they saw was not admissible. In the case of State v. Watts et al., 290 P. 738, this day decided, we have held that such testimony is not rendered inadmissible because of lack of a search warrant. See State v. Dillon, 34 N. M. 366, 281 P. 474.

There are other matters presented which we do not consider require discussion. We conclude that the judgment of the lower court should be affirmed, and it is so ordered.

PARKER and CATRON, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.