[No. 3510.   July 17, 1930.]

STATE v. WATTS et al.

[290 Pac. 738.]

Otto Smith, of Clovis, for appellants.

M. A. Otero, Jr., Atty. Gen., and E. C. Warfel, Asst. Atty. Gen., for the State.

OPINION OF THE COURT

SIMMS, J.

Appellants and another were charged with possessing a still and mash for the purpose of manufacturing intoxicating liquor. Their co-defendant, Gates, was discharged by direction of the court, and they, being convicted, have assigned two errors.

First, appellant Watts says that the trial court erred in refusing his motion for a severance. He says that this is a proceeding under chapter 37, Laws of 1929, section 2 of which provides that no person may be excused from testifying in such a case on the ground of self-incrimination, although such testimony as is given may not be used against the party giving it; the effect of this provision, he contends, is to permit the state to use one defendant against his codefendants and invite perjury. In the present case, the appellant Watts himself called his codefendant, Cooper, as a witness. The court carefully

and specifically warned Cooper that he was not obliged to incriminate himself while being used as a witness for Watts. We fail to see anything in the statute which requires the granting of a request for severance as a matter of right. We have repeatedly held that it is a matter for the court's sound discretion. State v. McDaniels, 27 N. M. 60, 196 P. 177. There is no showing of abuse of this discretion in the present case and the action of the trial court was not error.

Both appellants complain that error was committed against them in refusing to exclude testimony obtained by fraudulent search and seizure. It seems that they were working and residing on a farm, and one day the sheriff of the county rode up searching for a fugitive for whom he held a warrant. The sheriff met appellant Cooper and stated that he wanted to look about the place to see if he could find the man he was hunting. Cooper said, "All right, go ahead." In his search, the sheriff stumbled on the still and a lot of mash. Appellants say that the circumstances point to a trick on the sheriff's part; that he did not have enough evidence to get a search warrant but, instead, he came to their farm with a pretended warrant for a third person and in that manner he searched their premises without a search warrant and in fraud of their rights. They insist that the testimony of the sheriff as to what he found ought not to have been allowed to go to the jury. We cannot agree with this contention. It is not to be expected that the appellants can indulge in any charitable constructions as to the sheriff's motives. It is sufficient to say that there is no merit to the contention. In State v. Dillon, 34 N. M. 366, 281 P. 474, this court has refused to follow the federal rule in such matters, and we there quoted in full a most able discussion of this question by Mr. Justice Botts in the case of State v. Hammond (unpublished) to which we do not feel that anything of importance can be added.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and CATRON, JJ., did not participate.