Clifton RHONE, Appellant,

v.

UNITED STATES of America,
Appellee.

John S. WILSON, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 19530, 19531.

United States Court of Appeals
District of Columbia Circuit.

Argued April 6, 1966.

Decided July 29, 1966.

Petition for Rehearing En Banc in
No. 19530 Denied Oct. 21, 1966.

Mr. Malvern J. Sheffield, Jr., Washington, D. C. (appointed by this court), for appellants.

Miss Carol Garfiel, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Mr. Henry J. Monahan, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and WRIGHT and TAMM, Circuit Judges.

PER CURIAM:

Appellants Clifton Rhone and John Wilson were jointly indicted, tried and convicted for robbery, assault with a dangerous weapon and concealment of a dangerous weapon. On this appeal they argue that their arrests were invalid and that the District Court erred by not suppressing evidence seized at the time. We think the record reveals adequate probable cause to support the arrest and

therefore the challenged "fruits" of the arrest were properly admitted at trial.

■ Appellant Wilson further argues that he was prejudiced by a joinder of his case with that of Rhone and that the District Court erred by not granting his pretrial motions for severance. Since both appellants were charged with the joint commission of similar offenses minutes apart, joinder of their cases at trial was authorized by Rule 8(b) of the Federal Rules of Criminal Procedure.[1] But, as Rule 14 recognizes, joinder even where authorized may prejudice one or both of the codefendants, and in that case severance or some other form of suitable relief is required.[2]

■ Prejudice from joinder of defendants may arise in a wide variety of circumstances as, for example, where one defendant makes an inculpatory statement inadmissible against his codefendant, Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), where the defendants present conflicting and irreconcilable defenses and there is a danger that the jury will unjustifiably infer that this conflict alone demontrates that both are guilty, and where only one defendant testifies and urges the jury to draw an adverse inference from his codefendant's silence, DeLuna v. United States, 5 Cir., 308 F.2d 140, 1 A.L.R.2d 969 (1962), on rehearing, 324 F.2d 375 (1963). See generally, Note, 74 YALE L.J. 553 (1965).

■ Here, Wilson claims he was prejudiced by the fact that his codefendant testified while he did not, thereby emphasizing to the jury his failure to take the stand on self-incrimination grounds beyond the repair of any instructions. At no time before or during the trial, however, did Wilson argue to the court that severance should be granted because Rhone's testimony would present Wilson with the trilemma of adopting it, disputing it, or remaining silent rather than make this choice. *Cf.* Cross v. United States, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964). In fact, Wilson explicitly adopted his codefendant's testimony, thereby obtaining the benefit of it without subjecting himself to cross-examination.

We have considered the other contentions raised by appellants but find them without merit.

Affirmed.

1. Rule 8(b) provides that:
   Two or more defendants may be charged in the same indictment * * * if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

2. Rule 14 states:
   If it appears that a defendant * * * is prejudiced by a joinder * * * of defendants in an indictment * * * or by such joinder for trial together, the court may * * * grant a severance of defendants or provide whatever other relief justice requires.