**Charles Ricardo TURNER, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**Nos. 4413, 4414.**

District of Columbia Court of Appeals.

Argued Feb. 26, 1968.

Decided May 13, 1968.

David C. Niblack, Washington, D. C. (appointed by this court) for appellant.

Roger E. Zuckerman, Sp. Asst. U. S. Atty., for appellee; David G. Bress, U. S. Atty., Frank Q. Nebeker and James E. Kelley, Asst. U. S. Attys., on the brief.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge.

A jury convicted appellant of assault[1] and petit larceny.[2] The charges grew out of a single incident in which appellant, his codefendant, and a third man allegedly beat the complaining witness and took from him a portable phonograph. *Inter alia,* appellant contends that the trial judge erred in requiring him to stand trial jointly with the codefendant. Although Rule 7 (c)[3] of the criminal rules of the trial court permits defendants charged in a single information with joint participation in a single transaction to be tried together, appellant contends that joinder in the instant case was prejudicial and severance should have been allowed under Rule 7 (e).[4]

Appellant did not testify on his own behalf at trial nor did he produce any evidence in his own defense. He complains that he was effectively precluded from putting on a defense because his codefendant testified that appellant was at the scene of

---

1. D.C.Code, 1967, § 22–504.

2. D.C.Code, 1967, § 22–2202.

3. TRIAL TOGETHER OF INFORMATIONS. The court may order two or more *informations to be tried together* if the offenses, and the defendants, if there is more than one, could have been joined in a single information. The procedure shall be the same as if the prosecution were under such single information.

4. RELIEF FROM PREJUDICIAL JOINDER. If it appears that a defendant or the prosecution is prejudiced by a joinder of offenses or of defendants in an information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

the crime. Appellant had wanted to offer an alibi defense. To put conflicting evidence before the jury, he argues, would incur the risk that the jury would infer the guilt of both defendants from the conflict alone.

■ "The general rule is that persons jointly indicted should be tried together. Granting separate trials is a matter of discretion." Lucas v. United States, 70 App. D.C. 92, 93, 104 F.2d 225, 226 (1939), citing Commonwealth v. Bingham, 158 Mass. 169, 33 N.E. 341, 342 (1893). "The mere fact that appellant might have had a better chance of acquittal if tried separately * * * does not establish his right to a severance." Robinson v. United States, 93 U.S.App.D.C. 347, 349, 210 F. 2d 29, 32 (1954). Because one defendant testifies while the other does not is not a sufficient showing of prejudice to warrant reversal of the silent defendant's conviction. Rhone v. United States, 125 U.S. App.D.C. 47, 365 F.2d 980 (1967).

In cases where one defendant makes admissions inculpating his codefendant and those statements would not have been admissible against the codefendant in a separate trial, it has been uniformly held that, by charging the jury not to consider the inculpatory testimony as evidence against the codefendant, the trial judge cures any possible prejudice to an extent sufficient to warrant affirmance of the codefendant's conviction. Delli Paoli v. United States, 352 U.S. 232, 239, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Dykes v. United States, 114 U.S.App.D.C. 189, 313 F.2d 580 (1962), cert. denied, 374 U.S. 837, 83 S.Ct. 1889, 10 L.Ed.2d 1059 (1963). In the present case, appellant's codefendant gave testimony which would have been admissible against appellant even in a separate trial. It was eyewitness testimony of appellant's presence at the scene of the crime. Furthermore, the testimony was generally exculpatory of appellant, as the codefendant testified that appellant did not take part in the beating of the complaining witness, but in fact tried to rescue the witness from the attack. If a codefendant's inadmissible inculpatory testimony does not require separate trials, the introduction of admissible exculpatory testimony by a codefendant is certainly not sufficient reason to compel severance. That several defendants put forth contradictory testimony is not enough by itself to force separate trials. The fact that the testimony is conflicting in a case in which one of the defendants admits his guilt while the other denies it, does not alone require separate trials. If it were apparent that the jury was not able to consider and determine each defendant's guilt or innocence, separate trials might be necessary, but in the instant case, where the jury convicted appellant of both assault and larceny and acquitted his codefendant of the larceny charge, it is obvious that the jury, under proper instructions, fairly and reasonably considered the evidence against each defendant and weighed and evaluated their separate defenses.

■ In the light of the overwhelming evidence of guilt presented by the Government, any prejudice that might have resulted from the joint trial was so slight as to be harmless. Carter v. United States, 108 U.S.App.D.C. 277, 281 F.2d 640 (1960). The Government presented four witnesses who placed appellant near or at the scene about the time of the crime. In addition, two testified that they saw appellant beating the complaining witness, while all four testified that they saw the phonograph in appellant's possession after the assault. We are convinced that such a strong case was presented by the Government against appellant that the codefendant's testimony alone could not have had a prejudicial effect in the trial of the case to justify a new trial. Under all the circumstances, the trial judge did not abuse his discretion in denying appellant a severance.

We have considered appellant's other contentions of error and find them without merit.

Affirmed.