**Charlie M. CLARK, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10097.**

District of Columbia Court of Appeals.

Submitted Sept. 22, 1976.

Decided Dec. 10, 1976.

Wallace E. Shipp, Jr., Columbia, Md., appointed by the court, for appellant.

Earl J. Silbert, U. S. Atty., Washington, D. C., with whom John A. Terry, William D. Pease, William J. Hardy and C. Madi-

son Brewer, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

PER CURIAM:

On this appeal from a jury conviction of armed robbery, D.C.Code 1973, §§ 22-2901, -3202, appellant protests the joinder of his trial with that of his codefendant Robert L. Hawkins in the face of a proffer that antagonistic defenses were anticipated as to each defendant. He also alleges as error the denial of his pretrial motion to suppress identification testimony.[1]

On July 13, 1974, Officer John J. McCarthy, an undercover narcotics officer, parked his car near 14th and I Streets, N. W., in this city. In the course of his duties, the officer ran into David A. Graham and Robert L. Hawkins, members of the Marine Corps stationed at Quantico, Virginia. As the trio conversed about narcotics, appellant Clark joined them. The four men then got into McCarthy's car and drove to a parking lot in the 1200 block of 12th Street, N.W., ostensibly to purchase drugs. Graham was in the front passenger seat; appellant and Hawkins were in the rear. Once at the lot, appellant pointed a revolver at McCarthy's head and demanded his money. McCarthy gave up his money and the three passengers then fled.

Appellant, Graham, and Hawkins were charged with robbery while armed, D.C. Code 1973, §§ 22-2901, -3202; robbery, D.C.Code 1973, § 22-2901; and assault with a dangerous weapon, D.C.Code 1973, § 22-502. Counsel for Hawkins successfully moved pretrial for a severance on the ground that he wished to call codefendant Graham as his witness.[2] Thereafter, however, Graham entered a plea of guilty to attempted robbery. The government then moved that the Hawkins and Clark cases be rejoined for trial, and the motion was granted over Hawkins' objection that not only did he now wish to call appellant as a witness in his behalf but also that his own testimony might incriminate appellant Clark. The court indicated that should the latter event materialize it could always sever the cases again and appellant's counsel announced that he was satisfied with this approach. Hawkins renewed his motion at trial again on grounds that appellant's testimony would exculpate him and that their defenses were antagonistic. Appellant declared that he would not testify at this trial but that he would be perfectly willing to do so at a separate trial. The codefendants continued unsuccessfully to seek severance during the trial.[3]

At the joint trial, both Hawkins and Graham denied having prior knowledge of the robbery and testified that appellant Clark was acting entirely alone. Appellant neither testified nor offered any evidence in his own behalf. He was convicted by the jury of armed robbery. His codefendant Hawkins was acquitted.

---

1. Our examination of the record convinces us that there is no merit in appellant's contention that the suppression motion was improperly denied.

2. Super.Ct.Cr.R. 14 provides:
   *Relief from Prejudicial Joinder*
   If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the prosecutor to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.
   *See also* D.C.Code 1973, §§ 23-311, -313.

3. It was Hawkins, actually, who vigorously protested the joinder for as can be seen from the outcome of the trial, the case against appellant was far stronger than that against him.

It is, of course, settled that a trial judge has extremely wide latitude in granting or denying a motion for severance, *United States v. Robinson,* 139 U.S.App.D.C. 286, 289, 432 F.2d 1348, 1351 (1970), and that a denial of such a motion will not be disturbed on appeal absent a showing of a clear abuse of discretion. *United States v. Wilson,* 140 U.S.App.D.C. 220, 434 F.2d 494 (1970). Appellant nevertheless argues that because he and Hawkins had allegedly antagonistic defenses the decision in *Rhone v. United States,* 125 U.S.App.D.C. 47, 365 F.2d 980 (1966), required separate trials. We do not agree. In *Rhone* it was said that prejudice from joinder requiring reversal exists when

> . . . the defendants present conflicting and irreconcilable defenses and there is a danger that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty . . . .

[*Id.* at 48, 365 F.2d at 981.]

Later cases emphasize the quoted word "alone" in determining whether conflicting defenses show a misjoinder. *See, e. g., United States v. Hurt,* 155 U.S.App.D.C. 217, 222, 476 F.2d 1164, 1169 (1973). Simply because one codefendant testifies and the other does not is an insufficient showing of prejudice to warrant reversal. *Turner v. United States,* D.C.App., 241 A.2d 736 (1968). Nor is there merit in the argument that a defendant would have had a better chance of acquittal had he been tried alone. *Robinson v. United States,* 93 U.S.App.D.C. 347, 349, 210 F.2d 29, 32 (1954); *United States v. Wilson, supra.* Consequently, even assuming that there were antagonistic defenses in this case, appellant has not demonstrated that the conflict *alone* created a danger that in a joint trial the jury would unjustifiably infer his guilt.

Other factors persuade us that separate trials were not required.[4] One is that Hawkins' testimony would have been admissible in a separate trial of appellant, and he would have been available for cross-examination. Additionally, there was overwhelming independent evidence of appellant's guilt in the eyewitness accounts of both Graham and the victim, Officer McCarthy. Thus any possible prejudice resulting from the joint trial in this case would not justify a new trial. The denial of the severance motion was not a clear abuse of discretion requiring reversal.

The judgment of conviction on appeal is

*Affirmed.*

---

4. *See Turner v. United States, supra.*