**UNITED STATES of America, Plaintiff,**

v.

**Dennis E. STEINMETZ, Roger B. Nestor, Francis J. Monaghan, Defendants.**

**Crim. Nos. 86–00079–01 to 86–00079–03.**

United States District Court,
M.D. Pennsylvania.

Sept. 15, 1986.

Mary C. Spearing, Asst. U.S. Atty., Harrisburg, Pa., for plaintiff.

Sanford Krevsky, Harrisburg, Pa., for Steinmetz in No. 86–00079–01 and Nestor in No. 86–00079–02.

Alan M. Lieberman, Philadelphia, Pa., for Nester in No. 86–00079–02 and Monaghan in No. 86–00079–03.

Gary Lysaght, Lemoyne, Pa., for Steinmetz in No. 86–00079–01 and Monaghan in No. 86–00079–03.

# MEMORANDUM

CALDWELL, District Judge.

## Introduction

Presently pending are the pre-trial motions of defendants, Dennis E. Steinmetz, Roger B. Nestor and Francis J. Monaghan for (1) a bill of particulars, (2) a severance pursuant to Fed.R.Crim.P. 14, (3) a pretrial evidentiary hearing or the imposition of an order of proof, (4) a pretrial hearing to determine the admissibility of tape recordings and the accuracy of transcripts, and (5) to dismiss the superseding indictment. The government has responded to the motions and they are now ripe for disposition. For the reasons set forth below we will deny all motions.

## Background

On June 3, 1986 a superseding indictment[1] was issued charging defendants with a conspiracy to defraud the United States by obstructing the collection of income taxes in violation of 18 U.S.C. § 371.[2] The indictment alleges that Steinmetz Coins and Currency, Inc. concealed significant amounts of certain client's income from the Internal Revenue Service for the purpose of avoiding the collection of income taxes. Under the scheme, one-half of the currency to be laundered would be transported to Switzerland for deposit in bank accounts set up by defendants for their clients. The remaining half would be used to purchase rare coins on the client's behalf which would be stored in a vault maintained by Steinmetz Coins and Currency, Inc. The coins would then be repurchased from the clients by defendants'

partners in Switzerland and the proceeds added to the clients' Swiss bank accounts.

## Discussion

### A. Motion for a Bill of Particulars

The motion consists of six specific requests for information which the government allegedly has not provided in the indictment or by discovery. Defendants assert generally that the information is necessary to prepare a proper defense and avoid surprise at the trial. The government refuses to supply the requested information and avers that the complaint sufficiently informs defendants of the charges against them.

■ "The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63–4 (3d Cir. 1972) (quoting *United States v. Tucker*, 262 F.Supp. 305, 308 (S.D.N.Y.1966)). A bill of particulars should be granted only when the indictment is so inadequate that it does not fulfill these purposes. *United States v. Bloom*, 78 F.R.D. 591 (E.D.Pa. 1977); *Addonizio, supra.* Defendants, however, are not entitled to obtain disclosure of every detail of the government's case or a wholesale discovery of the government's file. *United States v. Fischbach and Moore, Inc.*, 576 F.Supp. 1384 (W.D.Pa.1983); *United States v. Joseph*, 510 F.Supp. 1001 (E.D.Pa.1981).

■ We have carefully reviewed the indictment and have found no reason to grant defendants' motion. Contrary to defendants' contention, the indictment contains a detailed account of a scheme to

---

**1.** The original indictment was issued on April 29, 1986 charging defendants with conspiracy to defraud the United States by impeding the collection of taxes and to defeat the regulations governing the filing of Currency Transaction Reports contained in 31 U.S.C. § 5313.

**2.** Section 371 provides in pertinent part:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both. 18 U.S.C. § 371.

defraud the United States. It describes the means by which the conspiracy was carried out, identifies the participants in the scheme and sets forth the overt acts committed in furtherance of the conspiracy. Furthermore, the government has provided defendants with tapes and transcripts of electronically recorded conversations between the defendants which constitute the government's evidence-in-chief. Finally, the government has provided defendants with early access to the *Jenks* material. Thus, defendants have not only been informed of the nature of the charges against them, but have also been furnished with the detail of the government's proof. Under these circumstances, defendants have been provided with sufficient information to prepare a defense and avoid unfair surprise at trial and their motion for a bill of particulars will be denied.

### B. *Motion for a Severance*

Defendants have moved for a severance pursuant to Fed.R.Crim.P. 14. Defendants maintain that a severance is necessary because (1) the evidence is disproportionate as to each defendant and the jury will not be able to weigh the evidence as it pertains to each defendant, (2) the government intends to introduce into evidence certain out-of-court statements made by defendants, (3) each defendant will be deprived of the opportunity to call his co-defendants as witnesses, and (4) the interests of the defendants are irreconcilably opposed. We will consider each of these arguments separately.

Defendants argue that severance is required primarily because the jury will be unable to compartmentalize the disparate evidence offered against each of the defendants. In *United States v. Dickens,* 695 F.2d 765 (3d Cir.1982), *cert. denied,* 460 U.S. 1092, 103 S.Ct. 1792, 76 L.Ed.2d 359 (1983), the Third Circuit stated that:

> The court may grant a severance [pursuant to Fed.R.Crim.P. 14] when the defendant can show that the jury could not reasonably be expected to "compartmentalize" the evidence as it relates to him.

*United States v. DeLarosa,* 450 F.2d 1057 (3d Cir.1971), and that the failure to sever clearly and substantially prejudices him to the point of depriving him of a fair trial. *United States v. Reicherter* [647 F.2d 397 (3rd Cir.1981)], *supra.* Where the Government charges multiple defendants with a single conspiracy, the interests of judicial economy usually favor a single trial. *United States v. Jackson,* 649 F.2d 967 (3d Cir.1981). The possibility that evidence will be admissible against some but not all defendants does not require severance. *United States v. Kenny,* 462 F.2d 1205 (3d Cir.), *cert. denied,* 409 U.S. 914, 93 S.Ct. 233, 34 L.Ed.2d 176 (1972).

*Id.* at 779.

■ Although we do not have the benefit of previewing the evidence the government will offer at trial, we believe that this is the type of case where the jury could reasonably be expected to "compartmentalize" the evidence as it pertains to each defendant. The jurors in this case will not be confronted with a multiple count indictment or a complicated factual scenario. Instead, each defendant is charged with the same offense, and the facts, as alleged in the indictment, appear to be straightforward. Moreover, we are capable of guarding against prejudicial spillover. Here, we see no reason to deviate from the general rule that defendants who are indicted together should be tried together. *See United States v. Kozell,* 468 F.Supp. 746 (E.D. Pa.1979).

Defendants next argue that a severance is mandated by *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) because the government intends to introduce certain hearsay statements made by them. In *Bruton,* defendant was convicted of armed postal robbery in violation of 18 U.S.C. § 2114. At a joint trial, a co-defendant's confession inculpating defendant was introduced into evidence. Although the jury was instructed to disregard the confession in determining defendant's guilt or innocence, the Supreme Court held that admission of the confession

at the joint trial violated defendant's right of cross examination under the Confrontation Clause of the Sixth Amendment. *Id.* at 126, 88 S.Ct. at 1622, 20 L.Ed.2d at 479. The government asserts that there are no *Bruton* statements at issue in this case requiring redaction, exclusion or severance because all of the statements the government intends to offer are admissible under the Federal Rules of Evidence.[3] Accepting the government's assertion as true, we find that a severance is not required as *Bruton* does not prohibit the admission of statements of co-defendants which are admissible under the rules of evidence. *See United States v. McCown*, 711 F.2d 1441 (9th Cir.1983); *United States v. Brighton Building & Maintenance Co.*, 435 F.Supp. 222 (N.D.Illinois 1977), *aff'd.* 598 F.2d 1101 (7th Cir.1979); *Kay v. United States*, 421 F.2d 1007 (9th Cir.1970).

■ In addition, defendants argue that a severance should be granted on the theory that a joint trial will prevent them from calling each other as witnesses. The following four factors must be considered in determining where a severance is necessary:

(1) the likelihood of co-defendants testifying, (2) the degree to which such testimony would be exculpatory, (3) the degree to which the testifying co-defendants could be impeached and (4) judicial economy.

*United States v. Boscia*, 573 F.2d 827 (3d Cir.), *cert. denied*, 436 U.S. 911, 98 S.Ct. 2248, 56 L.Ed.2d 411 (1978). *United States v. Rosa*, 560 F.2d 149 (3d Cir.1977) (en banc).

The individual defendants, however, do not assert that their co-defendants would be willing to testify at separate trials and have not demonstrated that such testimony would be exculpatory. Instead, each defendant only suggests the possibility of calling his co-defendants as witnesses. Such speculation, however, is not sufficient to support a motion to sever. *See United States v. Provenzano*, 688 F.2d 194 (3d Cir.), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 492, 74 L.Ed.2d 634 (1982); *United States v. Dickins, supra.*

■ Finally, defendants maintain that a severance should be granted because their interests are irreconcilably opposed to each other. However, "a severance is not required merely because defendants have inconsistent interests; 'it must be demonstrated that differences are irreconcilable,' and 'that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty' ", *United States v. Acavino*, 467 F.Supp. 284, 289 (E.D.Pa.1979) (quoting *United States v. Robinson*, 432 F.2d 1348, 1351 (D.C.Cir.1970) and *Rhone v. United States*, 365 F.2d 980, 981 (D.C. Cir.1966)). Defendants have not sufficiently demonstrated that their differences are irreconcilable and we will therefore deny their motion for a severance.

C. *Motion for a Pretrial Evidentiary Hearing or the Imposition of an Order of Proof*

■ At the trial, the government intends to introduce into evidence certain recorded and unrecorded conversations between defendants and undercover government agents. Defendants assert that these statements will be offered by the government under the "co-conspirator exception" to the rule against hearsay, Fed.R.Evid. 801(d)(2)(E).[4] In accordance with that rule, the statements of a co-conspirator may be

---

**3.** In *Bruton*, the confession was inadmissible against defendant under the co-conspirator exception to the rule against hearsay, Fed.R.Evid. 801(d)(2)(E) because it was not made during the course and in furtherance of the conspiracy.

**4.** The government maintains the declarations are also admissible under agency exception to the rule against hearsay, 801(d)(2)(C) and (D) which provide:

(d) **Statements which are not hearsay.** A statement is not hearsay if—

(2) **Admission by party-opponent.** The statement is offered against a party and is . . . (C) a statement by a person authorized by him to make a statement concerning the subject, or (D) a statement by his agent or servant concerning a matter within the scope of his agency or employment made during the existence of the relationship. . . .

admitted only if the government establishes by a clear preponderance of the evidence that (1) the conspiracy existed, (2) the defendants and the declarant were members of the conspiracy, and (3) the statement was made during the course and in furtherance of the conspiracy. *United States v. Jannotti*, 729 F.2d 213 (3d Cir.1984); *In Re Japanese Electronic Products*, 723 F.2d 238 (3d Cir.1983).

The purpose of defendants' motion is to prohibit the government from employing the practice of admitting incriminating statements "subject to later connection." Under that practice the declarations are admitted into evidence with the understanding that the government will satisfy its burden under Rule 801(d)(2)(E) before the end of the trial. Defendants maintain that there is a substantial potential for prejudice to them if the government is permitted to introduce the statements "subject to later connection." In this regard, defendants assert that if the statements are admitted "subject to later connection" and the government fails to satisfy its burden under Rule 801(d)(2)(E) then the jury, having heard the inadmissible evidence, may find a particular defendant guilty because of his association with the other defendants. As a result, they request that we conduct a pretrial hearing for the purpose of determining the admissibility of the statements or, in the alternative to impose an order of proof upon the government.

■ The control of the order of proof at trial is a matter within the sound discretion of the trial judge. *United States v. Continental Group, Inc.*, 603 F.2d 444 (3d Cir.1979), *cert. denied*, 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1980). With respect to declarations of co-conspirators, we may either admit such declarations "subject to later connection" or require the government to prove by independent evidence the existence of the conspiracy and

each defendant's connection with it before admitting the declaration.

■ After careful consideration, we conclude that the better course to follow would be to permit the government to introduce into evidence the co-conspirator declarations "subject to later connection." In doing so, we recognize that the Third Circuit has cautioned against this approach, but in this particular situation it does not appear that prejudice will occur. *See Continental Group, supra* at 457. The declarations represent the government's evidence in chief and hence appear to be critical to the government's case, and without admission of this evidence there appears little likelihood that any defendant could be convicted. Thus, the burden imposed on the government by requiring it to prove the existence of the conspiracy and each defendant's connection with the conspiracy before admitting the declarations far outweighs any benefits to defendants of an order of proof. The motion for a pretrial evidentiary hearing or the imposition of an order of proof will therefore be denied.[5]

D. *Motion for a Pretrial Evidentiary Hearing to Determine the Admissibility of Tape Recordings and the Accuracy of Transcripts*

Relying upon *United States v. Starks*, 515 F.2d 112 (3d Cir.1975), *aff'd. sub nom. Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), defendants have moved for a hearing to determine the authenticity and accuracy of the tape recordings and transcripts the government intends to use at trial. The parties informed us at an informal conference held on June 20, 1986 that they would work out any problems regarding the tapes and transcripts and thus we find that a hearing is not necessary. However, if an impasse arises, defendants may renew their application for a hearing.

---

5. The government has requested that on the basis of the facts alleged in the indictment we rule that the declarations are admissible under either the agency or co-conspirator exceptions. The government's request is premature. We cannot rule on the admissibility of these statements until the government has come forward with evidence which satisfies the requirements for admissibility under each of the exceptions.

### E. *Motion to Dismiss the Indictment*

Finally, defendants have moved to dismiss the superseding indictment. Initially they argue that the indictment should be dismissed for the reason that 18 U.S.C. § 371 was not intended to encompass conspiracies to defraud the Internal Revenue Service ("IRS"). Defendants maintain that section 371 was preempted by the comprehensive penal provisions of the Internal Revenue Code, which as the Supreme Court noted in *Spies v. United States,* 317 U.S. 492, 497, 63 S.Ct. 364, 367, 87 L.Ed. 418, 422 (1943), comprehensively covers every duty under the tax laws and provides a suitable penalty for every delinquency. The government, of course, claims that conspiracies to defraud the IRS are indictable under section 371.

 Defendants' argument has been expressly rejected by the Sixth and Ninth Circuits. In *United States v. Shermetaro,* 625 F.2d 104 (6th Cir.1980) the court upheld defendant's conspiracy conviction under section 371, finding that:

> [T]here is no merit in the contention of appellant that Congress has preempted the field of federal income tax law in Title 26 so as to prevent prosecutions for conspiracy to violate those laws pursuant to 28 U.S.C. § 371. We hold that the indictment at bar stated an offense cognizable under 18 U.S.C. § 371.

*Id.* at 111.

The same conclusion was reached in *United States v. Little,* 753 F.2d 1420 (9th Cir. 1984). Defendants, however, relying upon *United States v. Tarnopol,* 561 F.2d 466 (3d Cir.1977) argue that a different result would be reached by the Third Circuit. We disagree. In *Tarnopol,* defendants contested, *inter alia,* their convictions under 18 U.S.C. § 371 for conspiracy to defraud the United States by impeding the functions of the IRS. They argued that their convictions should be reversed because § 371 was superseded by the Internal Revenue Code. The court noted that there was support for defendants' position in *United States v. Henderson,* 386 F.Supp. 1048 (W.D.N.Y.1974), but reversed the conspir-

acy convictions on the grounds of insufficiency of evidence. Thus, the *Tarnopol* court never decided whether section 371 was preempted by the Internal Revenue Code and does not support defendants' position. To the contrary, we believe that the Third Circuit would be more inclined to follow the recent trend indicated by the *Shermetaro* and *Little* decisions.

 Defendants also argue that the indictment should be dismissed on due process grounds. Defendants assert that their due process rights were violated by the government's repeated attempts to coerce them into participating in illegal activities. Defendants' allegations are unsupported and therefore must be rejected. Accordingly, we will deny defendants' motion to dismiss the superseding indictment.

An appropriate order will be issued.